UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RESCUECOM CORPORATION, a
New York corporation,

               Plaintiff,

      v.

Manny Marji., a New York resident,

               Defendant.

Case No.

Hon.

---

James E. Shultz, Esq. (Michigan Bar No.
P64730)
16656 Pine Dunes Court
Grand Haven, MI 49417
Telephone: 616.844.5609
Email: jes2@att.net

*Attorney for Plaintiff*
*RESCUECOM, CORP.*

---

## COMPLAINT

Plaintiff Rescuecom, Corporation as and for its complaint against Defendant herein alleges as follows:

## PARTIES

1. Plaintiff Rescuecom, Corporation ("Rescuecom") is a corporation organized and existing under the laws of the State of New York having a principal place of business at 2560 Burnet Avenue, Syracuse, New York 13206.

1. On information and belief, defendant Manny Marji ("Marji"), is an individual having a residence at 1722 Court Street, Syracuse, NY 13208.

## JURISDICTION AND VENUE

2. This is an action for trademark infringement under 15 U.S.C. § 1114(1) and common law; for use of false designations of origin under 15 U.S.C. § 1125(a); for dilution under 15 U.S.C. § 1125(c); for violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903; and for infringement, unfair competition and breach of contract under Michigan common law.

3. This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b), and supplemental jurisdiction over the claims arising under the statutory and common law of the State of Michigan pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5. On information and belief, this Court has personal jurisdiction over Defendant under Mich. Comp. Laws §§ 600.711 and 600.715 because Defendant conducts substantial

2

business in this forum and because this action arises, in whole or in part, from Defendant's transaction of business within the State of Michigan and Defendant's commission of tortious acts within the State of Michigan.  Plaintiff, Rescuecom, has been harmed and continues to suffer harm in the State of Michigan.

6. Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c). On information and belief, Defendant has transacted business in this district, and a substantial part of the events giving rise to the claims occurred in this district.

## BACKGROUND TRADEMARK INFRINGEMENT

### *Rescuecom*

7. For nearly twenty (20) years, Rescuecom has been a leader in the highly competitive business of designing, distributing, and selling high-quality, design-oriented computer support and virus removal systems, technology and procedures, and providing related services.

8. Rescuecom is renowned for its contemporary computer support, virus removal, procedures, systems and services and its products and services have been deemed second to none.

9. For decades, Rescuecom has developed advanced procedures for protecting and rescuing computer systems.

10. The creative genius of Rescuecom's products and services manifested itself in many ways, including hardware and software products and remote, web-based, businesses and on-site response services.

3

11.     Rescuecom has used "NOW" and "NOW!," and has created an association with these names as used in connection with its products and services, since at least 2013. Examples include use of NOW and NOW! in conjunction with webpages illustrated at both www.rescuecom.com and www.rescuecom.net.

12.     On November 4, 2014, the United States Patent and Trademark Office formally memorialized the association between NOW and Rescuecom when it issued to Rescuecom U.S. Trademark Registration No. 4630783, for the NOW® trademark.  Similarly, on November 11, 2014, the United States Patent and Trademark Office formally memorialized the association between NOW! and Rescuecom when it issued to Rescuecom U.S. Trademark Registration No. 4635286, for the NOW!® trademark. These registrations provide Rescuecom with the exclusive right to use the NOW® and NOW!® designation in connection with Computer anti-virus software; Computer operating software; Computer software and firmware for operating system programs; Computer software for administration of computer local area networks; Computer software for administration of computer networks; Computer software for application and database integration; Computer software for computer system and application development, deployment and management; Computer software for controlling and managing access server applications; Computer software for encryption; Computer software for PC Protection and diagnostics; Computer software that provides web-based access to applications and services through a web operating system or portal interface; Database management software for PC protection and diagnostics; Downloadable computer software for PC protection and diagnostics. A copy of the registration certificate is attached as **Exhibit A.**

13.     Rescuecom has an industry-wide reputation for providing and marketing the highest-quality contemporary computer support, virus removal, procedures, systems and services,

including being the exclusive source for RESCUECOM® internet .com, .net, .org, along with dozens of other Rescuecom domains that illustrate use of NOW and NOW!.

14.     The consuming public and the commercial trade have come to recognize and associate the trade names of the NOW® and NOW!® with Rescuecom as a result of the extensive and continuous promotion and sales of NOW® and NOW!® products and services over the past twenty years. As a result of these efforts, the trade names of NOW® and NOW!® computer support, virus removal, procedures, systems and services have acquired appreciable secondary meaning, and is indeed a famous mark, which identifies and distinguishes the NOW® and NOW!® computer support, virus removal, procedures, systems and services from computer products and services offered by competitors.

15.     The United States Patent and Trademark Office recognized Rescuecom's exclusive, proprietary rights to at least some of the elements of the full family of NOW® and NOW!® computer maintenance, repair and services when it issued to Rescuecom as U.S. TM Registration Nos. 4630783 and 4635286.

16.     Registration Nos. 4630783 and 4635286 provide Rescuecom with the exclusive right to use the design of NOW® and NOW!® in connection with Computer anti-virus software; Computer operating software; Computer software and firmware for operating system programs; Computer software for administration of computer local area networks; Computer software for administration of computer networks; Computer software for application and database integration; Computer software for computer system and application development, deployment and management; Computer software for controlling and managing access server applications; Computer software for encryption; Computer software for PC Protection and diagnostics; Computer software that provides web-based access to applications and services through a web

operating system or portal interface; Database management software for PC protection and diagnostics; Downloadable computer software for PC protection and diagnostics.

17.     Rescuecom's trademarks for NOW® and NOW!® represents highly valuable goodwill owned by Rescuecom.

## DEFENDANT'S UNLAWFUL CONDUCT

18.     Upon information and belief, Defendant Marji produces a line of Computer anti-virus software; Computer operating software; Computer software and firmware for operating system programs; Computer software for administration of computer local area networks; Computer software for administration of computer networks; Computer software for application and database integration; Computer software for computer system and application development, deployment and management; Computer software for controlling and managing access server applications; Computer software for encryption; Computer software for PC Protection and diagnostics; Computer software that provides web-based access to applications and services through a web operating system or portal interface; Database management software for PC protection and diagnostics; Downloadable computer software for PC protection and diagnostics and services that it sells throughout the United States, including in the State of Michigan.

19.     Among other Marji's products is a line of anti-virus and content security software and services that prominently includes the NOW and NOW! trademarks.

20.     Upon information and belief, Defendant Marji provides software and services, through Defendant's website, in the State of Michigan.



21.     Attached hereto as **Exhibit B** are sample website pages showing the imitation NOW and NOW! products and services offered for sale by Marji.

22.     Upon information and belief, Defendant's use of imitations of Rescuecom's NOW and NOW! trademarks in connection with the sale, offering for sale, distribution, and advertising of goods and/or services has been intentional and with knowledge of the considerable reputation, goodwill, and fame associated with and represented by the NOW and NOW! goods and services.

23.     In marketing Defendant's products and services, including the NOW and NOW! trademark copied from Rescuecom, Defendant identifies no source of origin for the goods other than Rescuecom.

24.     Defendant's said use is likely to cause confusion, mistake, or deception (initial interest, point-of-sale, and/or post-sale) as to the source of origin, sponsorship, or approval of

Defendant's products, in that purchasers or others are likely to believe Defendant's products and services are Rescuecom's products or the products and services of a company legitimately connected with, approved by, or related to Rescuecom.

25.     Defendant's said use enables Defendant, and invites and enables Defendant's retailers or other customers, to represent and deceptively advertise, merchandise, market, display, and promote that Defendant's products emanate from Rescuecom or from a concern legitimately connected with or approved by Rescuecom and to substitute and pass off Defendant's products and services as Rescuecom's products and services.

## FIRST CAUSE OF ACTION

### [Trademark Infringement Under 15 U.S.C. § 1114(1)]

26.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 25 as though fully set forth herein.

27.     Defendant's use in commerce of trademark Registration Nos. 4630783 and 4635286, covering products or services common to NOW and NOW!, are likely to cause confusion, to cause mistake, or to deceive.

28.     The foregoing conduct of Defendant constitutes trademark infringement in violation of 15 U.S.C. § 1114(1).

29.     Defendant's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

30.     Plaintiff has no adequate remedy at law. Plaintiff realleges and incorporates by reference Paragraphs 1 through 29 as though fully set forth herein.

**SECOND CAUSE OF ACTION**

[False Designations of Origin Under 15 U.S.C. § 1125(a)]

31.     Defendant's use in commerce of the trademark for NOW and NOW! goods and services is likely to cause confusion, to cause mistake, or to deceive the relevant public that Defendant and their products and services are authorized by or are affiliated with Plaintiff.

32.     The above-described acts of Defendant constitute use of false designations of origin and false and misleading descriptions or representations that are likely to cause confusion; to cause mistake; or to mislead as to the affiliation, connection, or association of Defendant or their goods or services with Plaintiff and the products sold under the trademark for NOW and NOW! in violation of 15 U.S.C. § 1125(a).

33.     Defendant's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

34.     Plaintiff has no adequate remedy at law.

**THIRD CAUSE OF ACTION**

[Dilution Under 15 U.S.C. § 1125(c)]

35.      Plaintiff realleges and incorporates by reference Paragraphs 1 through 34 as though fully set forth herein.

36.     Defendant's use in commerce of the trademarks for the RESCUECOM® goods and services is likely to create associations that will impair the distinctiveness of Plaintiff's trademark for NOW and NOW! goods and services.

37.     The aforesaid acts of Defendant are likely to blur the distinctive quality of Plaintiff's trademarks for NOW and NOW! goods and services in violation of 15 U.S.C. § 1125(c).

38.     Defendant's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

39.     Plaintiff has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**

[Violation of Michigan Consumer Protection Act]

40.      Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 as though fully set forth herein.

41.     The State of Michigan has an important interest in ensuring that persons and entities doing business with Michigan residents fully comply with Michigan laws.

42.     The aforesaid acts of Defendant constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce in violation of the Michigan Consumer Protection Act. Mich. Comp. Laws § 445.903(1)(a)-(c), (e).

43.     Defendant's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

44.     Plaintiff has no adequate remedy at law.

## FIFTH CAUSE OF ACTION

### [Common Law Unfair Competition–Trademark Infringement]

45.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 as though fully set forth herein.

46.     Defendant has used in commerce the trademark for NOW and NOW! goods and services, or colorable imitations thereof, without the authorization or consent of Plaintiff, in connection with the sale and offer for sale of goods and services similar to those sold by Plaintiff.

47.     Defendant's use of the trademark for NOW and NOW! goods and services is calculated to, likely to, and does in fact confuse and deceive consumers about the origin of Defendant's goods and services.

48.     The foregoing conduct of the Defendant constitutes the infringement of Plaintiff's common law rights in the trademark for NOW and NOW! goods and services and unfair competition in violation of the common law of the State of Michigan.

49.     Defendant's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

50.     Plaintiff has no adequate remedy at law.

## SIXTH CAUSE OF ACTION

### [Patent Infringement – 35 U.S. Code § 271]

51.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 50 as though fully set forth herein.

11

52.     On May 24, 2005, the United States Patent and Trademark Office issued U.S. Patent 6,898,435 to Plaintiff covering a Method of Processing and Billing Work Orders.   On September 9, 2014, the United States Patent and Trademark Office issued U.S. Patent 8,832,424 to Plaintiff covering Systems and Methods for Managing Distributed Sales, Service and Repair Operations.

53.     Upon information and belief, Defendant is performing computer related services using Rescuecom's patented methods and systems.

54.     Upon information and belief, Plaintiff believes that Defendant is aware of Plaintiff's patents.

55.     Plaintiff is entitled to all patent infringement remedies as provided by 35 U.S. Code § 271.


## SEVENTH CAUSE OF ACTION

[Common Law Contract–Breach of Contract]

56.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 55 as though fully set forth herein.

57.     Plaintiff and Defendant have entered into a represented agreement whereby Defendant has agreed to perform computer related services.   The agreement prohibits Defendant from performing computer related services in competition with Rescuecom.

58.     Upon information and belief, Defendant continues to perform computer related services in competition with Rescuecom.

59.     The foregoing conduct of the Defendant constitutes breach of contract in violation of the common law of the State of Michigan.

60. Defendant's conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

61. Plaintiff is entitled to all common law contract remedies as provided by State of Michigan common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

1. Preliminarily and permanently enjoining Defendant, Defendant's agents, representatives, employees, assigns, and suppliers, and all persons acting in concert or privity with Defendant, from using the trademark for NOW and NOW! goods and services, or any other names or marks that is likely to cause confusion, to cause mistake, or to deceive with respect to Plaintiff's trademark for NOW and NOW! goods and services or from otherwise infringing or diluting the trademark for the RESCUECOM® goods and services, or from competing unfairly with Plaintiff;

2. Awarding Plaintiff all damages to and costs incurred by it because of Defendant's infringing activities, breach of contract and other conduct complained of herein, together with all profits of Defendant;

3. Awarding Plaintiff treble damages as provided under 15 U.S.C. § 1117;

4. Declaring this an exceptional case and awarding Plaintiff its reasonable Attorneys' fees and costs as provided by law;

5.      Awarding Plaintiff pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities, breach of contract and other conduct complained of herein; and

6.      Granting Plaintiff such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.


Dated: February 2, 2016                    Respectfully submitted,

                                   By: /s/ James E. Shultz
                                        James E. Shultz (P64730)
                                        16656 Pine Dunes Court
                                        Grand Haven, Michigan 49417
                                        Telephone: 616.844.5609
                                        Email: jes2@att.net

                                        *Attorney for Plaintiff*
                                        *RESCUECOM, CORP.*

**APPENDIX A**



**APPENDIX B**

# United States of America

### United States Patent and Trademark Office

# NOW

**Reg. No. 4,630,783**

**Registered Nov. 4, 2014**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

RESCUECOM CORPORATION (NEW YORK CORPORATION)
2560 BURNET AVENUE
SYRACUSE, NY 13206

FOR: COMPUTER ANTI-VIRUS SOFTWARE; COMPUTER OPERATING SOFTWARE; COMPUTER PROGRAMS FOR CONNECTING REMOTELY TO COMPUTERS OR COMPUTER NETWORKS; COMPUTER SOFTWARE AND FIRMWARE FOR OPERATING SYSTEM PROGRAMS; COMPUTER SOFTWARE FOR ADMINISTRATION OF COMPUTER LOCAL AREA NETWORKS; COMPUTER SOFTWARE FOR ADMINISTRATION OF COMPUTER NETWORKS; COMPUTER SOFTWARE FOR APPLICATION AND DATABASE INTEGRATION; COMPUTER SOFTWARE FOR COMPUTER SYSTEM AND APPLICATION DEVELOPMENT, DEPLOYMENT AND MANAGEMENT; COMPUTER SOFTWARE FOR CONTROLLING AND MANAGING ACCESS SERVER APPLICATIONS; COMPUTER SOFTWARE FOR ENCRYPTION; COMPUTER SOFTWARE FOR PC PROTECTION AND DIAGNOSTICS; COMPUTER SOFTWARE THAT PROVIDES WEB-BASED ACCESS TO APPLICATIONS AND SERVICES THROUGH A WEB OPERATING SYSTEM OR PORTAL INTERFACE; DATABASE MANAGEMENT SOFTWARE FOR PC PROTECTION AND DIAGNOSTICS; DOWNLOADABLE COMPUTER SOFTWARE FOR PC PROTECTION AND DIAGNOSTICS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-25-2013; IN COMMERCE 6-25-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-008,288, FILED 7-11-2013.

DAWN FELDMAN, EXAMINING ATTORNEY



*Michelle K. Lee*
**Deputy Director of the United States
Patent and Trademark Office**

# United States of America

## United States Patent and Trademark Office

# NOW!

**Reg. No. 4,635,286**

**Registered Nov. 11, 2014**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

RESCUECOM CORPORATION (NEW YORK CORPORATION)
2560 BURNET AVENUE
SYRACUSE, NY 13206

FOR: COMPUTER ANTI-VIRUS SOFTWARE; COMPUTER OPERATING SOFTWARE; COMPUTER SOFTWARE AND FIRMWARE FOR OPERATING SYSTEM PROGRAMS; COMPUTER SOFTWARE FOR ADMINISTRATION OF COMPUTER LOCAL AREA NETWORKS; COMPUTER SOFTWARE FOR ADMINISTRATION OF COMPUTER NETWORKS; COMPUTER SOFTWARE FOR APPLICATION AND DATABASE INTEGRATION; COMPUTER SOFTWARE FOR COMPUTER SYSTEM AND APPLICATION DEVELOPMENT, DEPLOYMENT AND MANAGEMENT; COMPUTER SOFTWARE FOR CONTROLLING AND MANAGING ACCESS SERVER APPLICATIONS; COMPUTER SOFTWARE FOR ENCRYPTION; COMPUTER SOFTWARE FOR PC PROTECTION AND DIAGNOSITICS; COMPUTER SOFTWARE THAT PROVIDES WEB-BASED ACCESS TO APPLICATIONS AND SERVICES THROUGH A WEB OPERATING SYSTEM OR PORTAL INTERFACE; DATABASE MANAGEMENT SOFTWARE FOR PC PROTECTION AND DIAGNOSTICS; DOWNLOADABLE COMPUTER SOFTWARE FOR PC PROTECTION AND DIAGNOSTICS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-25-2013; IN COMMERCE 6-25-2013.

THE MARK CONSISTS OF THE WORD "NOW" IN RED ITALICIZED WITH AN EXCLAMATION POINT.

THE COLOR(S) RED IS/ARE CLAIMED AS A FEATURE OF THE MARK.

SER. NO. 86-009,398, FILED 7-12-2013.

DAWN FELDMAN, EXAMINING ATTORNEY

*Michelle K. Lee*

**Deputy Director of the United States**
**Patent and Trademark Office**